**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES FARAH,**<br><br>　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**LASALLE BANK NATIONAL ASSOCIATION, et al.,**<br><br>　　　　　　　　　**Defendants.** | Civ. No. 15-cv-2602 (KM)<br><br>**MEMORANDUM and ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

　　　　James Farah brings this action against Defendants JPMorgan Chase Bank, N.A., and LaSalle Bank National Association (the "Banks") arising from their alleged conduct in connection with his mortgage loan. In an opinion and order dated March 23, 2016, I partially granted and partially denied the defendants' motion to dismiss the original complaint. (ECF nos. 31, 32) That dismissal granted leave to amend. The plaintiff has responded by filing an amended complaint ("AC", ECF no. 39) that asserts a single claim of fraud and disposes of much of the surplusage of the original complaint. Now before the Court is the defendants' motion to dismiss that Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF no. 42) To that motion, Mr. Farah has filed a response (ECF no. 44), and the defendants have filed a reply (ECF no. 46).

　　　　This action proceeds in parallel with a state court mortgage foreclosure proceeding in the Superior Court of New Jersey, Morris County (No. F-7425-14). In October 2014, that action was deemed uncontested following an award of summary judgment. Ordinarily the action would proceed to the foreclosure unit and final judgment would be entered. For reasons that are unclear, that

1

did not occur, and the action was eventually administratively terminated without prejudice, for want of prosecution. In April–May 2016, JP Morgan's motion to reinstate the foreclosure action was fully briefed by both sides.[1] Mr. Farah then filed a notice of removal of the foreclosure action to this Court. *See* Civ. No. 16-cv-3056. By order and opinion dated December 16, 2016, I found that there was no basis for federal jurisdiction and remanded the foreclosure to the State court, where proceedings apparently are resuming in some form.

**DISCUSSION**

I write for the parties, and familiarity with my prior Opinion is assumed. I will not restate the familiar standards governing a motion to dismiss. *See* Op. 8–10. The factual allegations of the amended complaint, largely centered around the history of alleged assignments of Mr. Farah's mortgage, remain similar. The former laundry list of sixteen causes of action has been admirably pared down, however, to a single claim of fraud.

The elements of common law fraud are: "(1) a material misrepresentation [or omission] of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Wiatt v. Winston & Strawn LLP*, 838 F. Supp. 2d 296, 316 (D.N.J. 2012); accord *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 2013).

The Banks state generally that Mr. Farah has no standing under any assignments or pooling agreements to which he is not a party, and that securitization of a loan gives rise to no claim. They argue that the loan documents informed him of the possibility of assignment or securitization. The

---

[1] Mr. Farah devotes considerable discussion to the contention that defendants are lying about the reasons for letting the State action languish. (They attribute it to their prior counsel's petition in bankruptcy and the confusion entailed in transferring some 65,000 files to other firms. (*See* ECF no. 36.)). That issue, however, would be properly considered by the State court in connection with JPMorgan's motion for reinstatement of the foreclosure action, the consideration of which was interrupted by Mr. Farah's baseless petition for removal.

2

Banks find his allegations that he made large payments that were not credited implausible. These matters, moreover, were or could have been litigated in the foreclosure.

The complaint alleges, however, that the Banks misrepresented the assignment or securitization of the loan, and that Mr. Farah has been subjected to a foreclosure by a party that does not in fact own the mortgage. He also alleges that, post-default, he paid amounts exceeding $630,000 but was fraudulently denied credit for such payments.

These are matters of fact that may be definitively cleared up with the benefit of a relatively small amount of discovery and disposed of on summary judgment, one way or the other. Many of these issues might also be mooted by developments in the foreclosure action. I will therefore deny the motion to dismiss.

## ORDER

For the reasons stated above,

IT IS this 16th day of February, 2017

ORDERED that Defendants' motion (ECF no. 42) to dismiss the amended complaint is DENIED.

_____
HON. KEVIN MCNULTY, U.S.D.J.