UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES FARAH,<br><br>                              Plaintiff,<br><br>v.<br><br>LASALLE BANK NATIONAL ASSOCIATION, et al.,<br><br>                              Defendants. | Civ. No. 15-cv-2602 (KM)<br><br>OPINION and ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

**Introduction**

  James Farah brings this action against Defendants JPMorgan Chase Bank, N.A. ("Chase"), and LaSalle Bank National Association, as Trustee for the WAMU Mortgage Pass-Through Certificates Series 2006-AR7 Trust ("LaSalle"),[1] and Mortgage Electronic Registration System ("MERS"), arising from their allegedly fraudulent conduct in connection with his mortgage loan. Now before the Court is his appeal (DE 182) from an order of Magistrate Judge Michael A. Hammer denying his motion for entry of default against defendant LaSalle Bank National Association, as Trustee for the WAMU Mortgage Pass-Through Certificates Series 2006-AR7 Trust ("LaSalle as Trustee").

    If a party objects to a magistrate judge's order regarding a nondispositive matter, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A). This standard requires the District Court to review findings of fact for clear error and to review matters of

---

[1]   Also pending is an appeal (DE 182) from an order of the Magistrate Judge which denied entry of default against La Salle. In a separate Opinion and Order, filed simultaneously with this one, I have denied that appeal and affirmed Magistrate Judge Hammer's order.

law de novo. Haines v. Liggett Grp. Inc., 975 F.2d 81, 91 (3d Cir. 1992).

*Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). See also Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters. Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, the court will defer to the Magistrate Judge's discretion. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (internal quotations omitted); see *Deluccia*, 2012 WL 909548, at *1 (same).[2]

A report and recommendation on a dispositive issue, though, requires plenary review:

> The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." Parties "may serve and file specific written objections to the proposed findings and recommendations" within 14 days of being served with a copy of the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3).

---

[2]   The standard of review of nondispositive matters has sometimes been referred to as abuse of discretion. As a practical matter, it makes little difference, because abuse-of-discretion review incorporates plenary review of legal questions and clear-error review of factual questions. *See Koon v. United States*, 518 U.S. 81, 100 (1996) (a court "by definition abuses its discretion when it makes an error of law"); *Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*, 442 F.3d 812, 819 (3d Cir. 2006) (abuse of discretion may encompass "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact").

*Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017).

**Discussion**

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a)

It may seem anomalous that the plaintiff seeks entry of default against a defendant which has appeared in this action through counsel; filed and opposed dispositive motions; engaged in discovery; and so on. The plaintiff, however, seems to be claiming that LaSalle, in its *individual* capacity, as opposed to LaSalle *as trustee*, has "fail[ed] to participate in the current case." The foundation of Farah's position on appeal is as follows:

> As Plaintiff in this action I commenced this case against LaSalle Bank NA by arranging for service of its successor and parent corporation, Bank of America, N.A. and in so doing, LaSalle Bank NA was named individually, and sued in its full status as a corporation and as trustee, and LaSalle Bank NA was identified as the lead named defendant in the case.

(Declaration of James Farah in support of appeal, DE 182) That is simply untrue; La Salle was not "named individually" in the complaint. Moreover, whether service on Bank of America would constitute valid service on LaSalle Bank individually is irrelevant; the point is that the party named as a defendant is LaSalle Bank as trustee.

As the Magistrate Judge recognized, the plaintiff named as defendant, and litigated against, "LaSalle Bank National Association, as Trustee for the WAMU Mortgage Pass-Through Certificates Series 2006-AR7 Trust." (*See* Complaint, DE 1); Amended Complaint ("AC"), DE 39). The body of the amended complaint confirms the caption:

> 8. LA SALLE is being named in this action as the legal trustee and is the real party to this action. *See Navarro Sav. Ass'n v. Lee,* 446

> U.S. 458, 464 (1980) which states in relevant part, "[A] trustee is a real party to the controversy for purposes of diversity."

(AC ¶ 8)

The defendant has explained further, in terms that are borne out by the record:

> Plaintiff sued three defendants: (1) Chase, (2) MERS, and (3) "LaSalle Bank National Association, as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR7 Trust" (the "Trust"). On or about May 15, 2015, Chase and MERS' prior counsel filed a Notice of Appearance on their behalf. (See D.I. 3). On or about August 14, 2015, prior counsel also entered its appearance on behalf of the Trust. (See D.I. 11). On the same date, prior counsel filed a Corporate Disclosure Statement on behalf of the Trust, in which counsel stated that "LaSalle Bank, through merger and succession, is now known as U.S. Bank National Association ('U.S. Bank'). U.S. Bank is the successor in interest to Bank of America, National Association. Bank of America is the successor in interest to LaSalle Bank National Association." (D.I. 12). Then, on January 24, 2018 Defendants filed a Notice of Substitution of Counsel, in which current counsel was substituted in on behalf of Defendants JPMorgan Chase Bank, N.A., on its own behalf ("Chase"), and in its capacity as servicer for U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, as successor by merger to LaSalle Bank National Association, as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR7 Trust, and Mortgage Electronic Registration System. (See D.I. 104).

(Reply Brief to Opposition to Motion at 4, DE 174)

Mr. Farah has hit on a novel method of supporting his argument. In his motion for default, he has simply removed from the case caption the words "as Trustee for the WAMU Mortgage Pass-Through Certificates Series 2006-AR7 Trust." A litigant cannot unilaterally alter the caption or the party being sued. LaSalle in its individual capacity was never sued in this action. And indeed, it is seemingly only as trustee that LaSalle is even alleged to have done anything that allegedly harmed the plaintiff.

The remainder of the brief on appeal is a collection of discovery grievances, complaints that Farah was not "informed" about the reasons for changes of counsel, that it was unclear what counsel represented La Salle, and so on. Farah suggests chicanery in that counsel disguised the fact that he did not represent "La Salle Bank," *i.e.,* the Bank in its individual capacity, which, as noted above, is not a party. The relevance of all this to his contention that this defendant failed to appear, and that he is therefore entitled to entry of default, is unclear. Confusion, if any, as to which counsel spoke for which party may require clarification, but is not the basis for entry of default against a party not named in the complaint.

By Order dated October 17, 2019 (DE 178), Magistrate Judge Hammer found that "La Salle Bank was never named as a Defendant in this matter in its individual capacity, but rather, was sued in its capacity as former trustee of the Trust." He added that "any attempt this late to amend the action or caption of this action is beyond the pale, as the deadline for doing so, in a case where summary judgment motions are pending, has long since passed." (*Id.* at 2) Under an abuse of discretion standard, or even on *de novo* review, I can perceive no error of fact or law.[3]

## ORDER

Accordingly, for the reasons expressed above,

IT IS this 18th day of May, 2020

ORDERED that the plaintiff's appeal (DE 182) is DENIED, and the order of Magistrate Judge Hammer (DE 178) is AFFIRMED.

/s/ Kevin McNulty

_____
KEVIN MCNULTY
United States District Judge

---

[3] Farah also filed a request that Judge Hammer further explain the basis of his ruling. (DE 180.) In a second order, Judge Hammer denied that request. (DE 181.) Having upheld Judge Hammer's reasoning and his ruling, I can find no error in his failure to expand upon them.